IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOHN STEPHEN COLEMAN, #223 809      *

    Plaintiff,      *

    v.      *      2:09-CV-311-TMH
                                                (WO)
RICHARD ALLEN, COMMISSIONER,      *
*et al.*,
    Defendants.      *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on April 9, 2009. Plaintiff, a state inmate, presents various claims against the named defendants with respect to his ability to practice his religion at the Easterling Correctional Facility["Easterling"]. Along with his complaint, Plaintiff has filed a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*. In his request for injunctive relief, Plaintiff alleges that the conditions about which he complains violate his First, Eighth and Fourteenth Amendment rights. He seeks an order prohibiting prison officials from perpetuating the allegedly unconstitutional conditions to which he is subjected. For the following reasons, the court recommends hat Plaintiff's motions for preliminary injunctive relief be denied.

**I. STANDARD OF REVIEW**

The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002).  The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public.  *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II.  DISCUSSION

Plaintiff seeks a preliminary injunction to prohibit Defendants from violating his freedom of religion by imposing restrictions on the days and time on which he may use fire during religious ceremonies, by not allowing Plaintiff to order religious packages containing pre-approved religious items, by failing to provide a sweat lodge at Easterling, by prohibiting the use of tobacco in religious ceremonies, by interrupting religious ceremonies when moving segregation inmates to other parts of Easterling, and by requiring adherence to identification procedures for inmates wishing to participate in activities which take place on ceremonial grounds. Turning to the first factor with regard to whether preliminary injunctive relief should be issued, the court considers whether Plaintiff can prove a substantial likelihood of success on the merits.  Having reviewed Plaintiff's request for preliminary injunctive relief, the court concludes that he has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Plaintiff presents no proof or objective evidence that the conditions about which he complains subject him to violations of the constitution.  Essentially, the court has before it nothing other than Plaintiff's assertions as to whether the matters about which he complains at Easterling fail to pass constitutional muster.  Such assertions, however, fail to establish a substantial likelihood of success on the merits of the complaint.

Plaintiff likewise fails to demonstrate that he will suffer irreparable injury absent

issuance of a preliminary injunction. As noted, Plaintiff provides no proof or objective evidence in support of his allegations concerning the alleged violations of his right to freedom of religion.

Finally, with respect to the remaining two factors, the pleadings before the court are devoid of any evidence which shows that, upon balancing the equities of the parties, issuance of an injunction would be in the public interest. Thus, Plaintiff has failed to establish that he meets each of the prerequisites necessary for issuance of a preliminary injunction.[1]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (*Doc. No. 1*) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **June 5, 2009** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation

---

[1] Plaintiff's complaint with respect to his request for preliminary injunctive relief is intertwined with his civil rights action which will afford him with adequate redress for his allegations.

shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 22nd day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE